

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,319

### EX PARTE HARVEY JOSEPH DOCKSTADER JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1032644 IN THE 180TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of promoting a pyramid scheme and sentenced to two years' imprisonment in a state jail facility. The Fourteenth Court of Appeals affirmed his conviction. *Dockstader v. State*, 233 S.W.3d 98 (Tex. App.–Houston [14th] 2007).

Applicant contends that his trial counsel rendered ineffective assistance because he had a conflict of interest which affected his representation of Applicant.

2

The trial court has determined that trial counsel was ineffective in that counsel was representing Applicant while he had an actual conflict of interest and that such representation prejudiced applicant. *Monreal v. State*, 947 S.W.2d 559, 564 (Tex. Crim. App. 1997). We agree. We find, therefore, that Applicant is entitled to relief from the judgment of conviction in Case No. 1032644 from the 180th Judicial District Court of Harris County.

Relief is granted. The judgment in Cause No. 1032644 in the 180th Judicial District Court of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris County to answer the charge against him.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–State Jail Division.

Delivered: March 24, 2010
Do Not Publish